UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PATRICK AUSTIN,

                              Plaintiff,

   -against-

JRPAC INC d/b/a SPICE SYMPHONY
and 182 LEX REALTY, LLC,

                            Defendants
---------------------------------------------------------------x

Caso No.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants JRPAC Inc d/b/a Spice Symphony and 182 Lex Realty, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil rights action challenging Defendants' ongoing failure to provide accessible facilities as required by law. Plaintiff seeks injunctive, declaratory, and equitable relief, along with damages, attorneys' fees, and costs due to Defendants' violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., as well as the New York State Executive Law, New York Civil Rights Law, and the New York City Administrative Code.

2. Defendants own, lease, manage, and/or operate a place of public accommodation that is not in compliance with these laws. They are responsible for the conduct of their employees and agents. Rather than following established accessibility standards, Defendants made a deliberate choice to ignore the law, effectively shutting out disabled individuals like Plaintiff. This lawsuit demands full compliance so that Plaintiff can access the premises on the same terms as any other patron.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over state and city law claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) as the events at issue occurred here and the subject property is located within this district.

## PARTIES

5. Plaintiff resides in New York County.

6. Plaintiff uses a wheelchair due to serious spinal injuries affecting the L3-L5 vertebrae, compounded by nerve palsy. These conditions significantly impair his mobility.

7. At all times relevant, Defendants have operated or leased the premises at 182 Lexington Avenue, New York, NY 10016 ("Premises").

8. Each Defendant is authorized to do business in New York State and operates a place of public accommodation at the Premises.

## FACTUAL BACKGROUND

9. The Premises is subject to accessibility laws as it qualifies as a public accommodation under federal, state, and local law.

10. Multiple physical barriers exist at the Premises, obstructing access to individuals with disabilities like Plaintiff.

11. The Premises was built or altered after 1992.

12. Plaintiff often visits the area surrounding the Premises and enjoys dining and spending leisure time there. He travels using an electric wheelchair and sometimes uses public transportation.

13. On or about February 1, 2025, Plaintiff attempted to visit the Premises, which

is known for its Indian cuisine, including its butter chicken.

14. Plaintiff was blocked by architectural barriers, including steps at the entrance and a door that was not accessible. There was no way to call for help.

15. This encounter left Plaintiff feeling humiliated and excluded.

16. Plaintiff wishes to return to the Premises once it becomes accessible.

17. The Premises is located less than an hour from Plaintiff's residence.

18. The Premises does not meet the requirements of the 1991 or 2010 ADA Accessibility Standards.

19. As a result, Plaintiff has been denied equal and safe access.

20. The Premises is not in compliance with federal, state, and city construction codes or accessibility standards.

21. Barriers include, but are not limited to:

22. Door knobs requiring twisting of the wrist

23. Steps at the main entrance with no ramp

24. Interior tables lacking required knee and toe clearance

25. Restroom doors with non-compliant knobs

26. Plaintiff expects that further inspection will reveal additional barriers.

27. Defendants have denied Plaintiff equal access and failed to adopt policies or practices accommodating individuals with disabilities.

28. Plaintiff faces an ongoing risk of discrimination until full compliance is achieved.

**FIRST CAUSE OF ACTION – ADA VIOLATIONS**

29. Plaintiff incorporates all prior allegations.

30. Plaintiff is disabled within the meaning of the ADA and uses a wheelchair.

31. Both the property owner and tenant are jointly liable under the ADA.

32. Defendants denied Plaintiff equal access and failed to comply with the 1991 and 2010 ADA Standards.

33. Alterations were not carried out in an accessible manner. Defendants did not ensure accessible paths of travel.

34. Defendants failed to make readily achievable modifications and did not offer alternative access.

35. Their ongoing failure to remove access barriers constitutes a pattern of discrimination.

**SECOND CAUSE OF ACTION – NEW YORK STATE EXECUTIVE LAW VIOLATIONS**

36. Plaintiff incorporates all prior allegations.

37. Plaintiff has disabilities within the meaning of the Executive Law.

38. Defendants discriminated by operating an inaccessible public accommodation.

39. They failed to make reasonable accommodations or modifications and did not provide alternatives.

40. These failures caused Plaintiff emotional harm and damages.

**THIRD CAUSE OF ACTION – NEW YORK CITY ADMINISTRATIVE CODE VIOLATIONS**

41. Plaintiff incorporates all prior allegations.

42. Plaintiff is disabled under the City's Administrative Code.

43. The Local Civil Rights Restoration Act mandates broad interpretation in favor of Plaintiff.

44. Defendants denied Plaintiff access and operated an inaccessible facility.

45. Their conduct was reckless and deliberate.

46. Plaintiff is entitled to punitive damages and disgorgement of profits unlawfully gained.

**FOURTH CAUSE OF ACTION – NEW YORK CIVIL RIGHTS LAW VIOLATIONS**

47. Plaintiff incorporates all prior allegations.

48. Defendants' conduct also violates Civil Rights Law §§ 40-c and 40-d.

**INJUNCTIVE RELIEF**

49. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

50. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

51. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

**DECLARATORY RELIEF**

52. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

53. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the

ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: May 17, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com